UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


MICHAEL SEYOUM,

        Plaintiffs,                           Hon. Janet T. Neff

v.                                                    Case No. 1:14 CV 90

KALAMAZOO COUNTY
GOVERNMENT, et al.,

        Defendants.
_____/

## REPORT AND RECOMMENDATION

       This matter is before the Court on Defendants' Motion to Dismiss and/or For Summary Judgment. (Dkt. #16). Pursuant to 28 U.S.C. § 636(b)(1)(B), the undersigned recommends that Defendants' motion be **granted** and this action **dismissed**.


## BACKGROUND

       On April 28, 2004, Plaintiff purchased a house located at 4433 Briarhill Drive, Portage, Michigan. (Dkt. #1 at ¶ 12). The property was later subject to foreclosure for non-payment of property taxes for the years 2007 and 2008. (Dkt. #17, Exhibit 4 at 14-15). The last day for Plaintiff to pay these taxes and avoid foreclosure was March 31, 2011. On this date, Plaintiff reported to the Kalamazoo County Treasurer's Office. (Dkt. #17, Exhibit 4 at 15). Plaintiff was informed that if he paid his 2007 taxes, he would be granted a hardship extension with respect to payment of his 2008 taxes. (Dkt. #17, Exhibit 4 at 15). Plaintiff purported to pay his 2007 property taxes with two checks, both of which were subsequently dishonored. (Dkt. #17, Exhibit 4 at 20-21).

Shortly thereafter, in June 2011, Plaintiff's property was again subject to foreclosure for failure to pay property taxes for the year 2009. (Dkt. #17, Exhibit 4 at 25). The petition that was filed regarding this latter tax delinquency, because the matter regarding the dishonored checks Plaintiff submitted as purported payment of his 2007 property taxes had not yet been resolved, reflected only that Plaintiff had failed to pay property taxes for the years 2008 and 2009. (Dkt. #17, Exhibit 4 at 25).

Plaintiff was subsequently provided a "NOTICE OF PENDING JUDICIAL FORECLOSURE" informing Plaintiff that the property in question "is in the process of <u>FORECLOSURE</u> by the Kalamazoo County Treasurer for unpaid property taxes for the year 2009 and any prior years." (Dkt. #17, Exhibit 7). Plaintiff was also provided a "NOTICE OF SHOW CAUSE HEARING AND JUDICIAL FORECLOSURE HEARING" which informed Plaintiff that a show cause hearing would take place on January 25-26, 2012, and that a Circuit Court foreclosure hearing was scheduled for February 6, 2012.[1] (Dkt. #17, Exhibit 8). This latter notice also informed Plaintiff that:

> UNLESS THE FORFEITED DELINQUENT TAXES, PENALTIES, INTEREST AND FEES ARE PAID ON OR BEFORE APRIL 2, 2012, YOU WILL LOSE YOUR INTEREST IN THE PROPERTY AND TITLE TO THE PROPERTY WILL VEST ABSOLUTELY IN THE Kalamazoo County Treasurer. . .

(Dkt. #17, Exhibit 8).

On February 6, 2012, the Honorable Pamela Lightvoet entered a "Judgment of Foreclosure" providing that judgment in the subject property "will vest absolutely" in the Kalamazoo County Treasurer, "without further rights of redemption, if all foreclosed delinquent taxes, interest, penalties, and fees. . .are not paid on or before April 2, 2012." (Dkt. #17, Exhibit 6).

---

[1] The "NOTICE OF PENDING JUDICIAL FORECLOSURE" that Plaintiff received also informed him of these two hearings. (Dkt. #17, Exhibit 7).

On April 2, 2012, Plaintiff appeared at the Kalamazoo County Treasurer's Office and attempted to pay his delinquent property taxes. Believing that he owed only $11,645.49, Plaintiff offered to submit a check in the amount of $8,000.00 and pay $3,645.49 by credit card. (Dkt. #17, Exhibit 4 at 28). Plaintiff's payment was refused, however, because the amount he sought to pay was insufficient to satisfy the amount of delinquent property taxes he owed. (Dkt. #17, Exhibit 4 at 28-29). Specifically, Plaintiff's attempted payment did not include the amounts he still owed for 2007 property taxes. (Dkt. #17, Exhibit 4 at 29). By this time, Plaintiff had known for several months that the two checks he previously submitted in purported payment of his 2007 property taxes had been dishonored. (Dkt. #17, Exhibit 9). Plaintiff was unable to pay the entire amounts he owed for delinquent property taxes. (Dkt. #17, Exhibit 4 at 30). Accordingly, ownership in the property passed to the Kalamazoo County Treasurer.[2]

On May 17, 2012, Plaintiff moved for relief from Judge Lightvoet's February 6, 2012 Judgment of Foreclosure. (Dkt. #17, Exhibit 11). Plaintiff's motion was denied on July 26, 2012, following a hearing. (Dkt. #17, Exhibit 13). Plaintiff's subsequent motion for reconsideration of this decision was likewise denied. (Dkt. #17, Exhibits 14, 17). Plaintiff unsuccessfully appealed the matter to the Michigan Court of Appeals. (Dkt. #17, Exhibits 15-16). On January 24, 2014, Plaintiff initiated the present action against the "Kalamazoo County Government," as well as Kalamazoo County Treasurer, Mary Balkema, and Deputy Kalamazoo County Treasurer, Greg Vlietstra. (Dkt. #1). Plaintiff asserts violations of his right to due process and equal protection, as well as state law negligence claims. Defendants now move to dismiss Plaintiff's action.

---

[2] As previously noted, the notice Plaintiff received did not identify the specific years for which he owed delinquent taxes, but instead merely instructed Plaintiff that he owed "unpaid property taxes for the year 2009 and any prior years." Thus, when Plaintiff went to the Kalamazoo County Treasurer's Office on April 2, 2012, he knew that he owed delinquent property taxes for 2007, 2008, and 2009, all of which were encompassed by the phrasing of the aforementioned notice.

## ANALYSIS

**I.        Rooker-Feldman**

In Counts I-III of his complaint, Plaintiff asserts that the process by which the property in question was forfeited violated his federal due process rights. Because these claims challenge the state court judgments and decisions described above, this Court lacks jurisdiction to resolve such.

Unlike state courts, which are courts of general jurisdiction, the federal courts are courts of limited jurisdiction. A significant limitation upon the jurisdiction of the federal district courts is that such courts are precluded from reviewing judgments of the state courts. As the Supreme Court has long recognized, the jurisdiction of the federal district courts is "strictly original" and, therefore, only the United States Supreme Court can "entertain a proceeding to reverse or modify" a judgment entered by a state court. *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415-16 (1923); *see also*, *Durham v. Haslam*, 2013 WL 2665786 at *3 (6th Cir., June 13, 2013) ("federal appellate jurisdiction over a state court decision lies exclusively with the Supreme Court, and not lower federal courts").

Plaintiff asserts that he is not challenging the aforementioned state court decisions, but is instead asserting distinct causes of action. The Court, however, is not persuaded. In state court, Plaintiff unsuccessfully argued that the procedures by which his property was forfeited violated his due process rights. While Plaintiff maintains that his present due process claims are independent from his previous state court actions, the gravamen for the due process claims asserted in this Court is Plaintiff's belief that the state courts improperly denied his due process claims. *See, e.g., McCormick v. Braverman*, 451 F.3d 382, 393 (6th Cir. 2006) (*Rooker-Feldman* applies where the "source of the injury the plaintiff alleges in the federal complaint. . .is the state court decision"). This Court lacks the authority and jurisdiction to hear Plaintiff's "appeal" of the state court decisions discussed above. *See*

*Exxon Mobile Corp. v. Saudi Basic Industries Corp.*, 544 U.S. 280, 284 (2005) (the federal district courts lack subject matter jurisdiction in "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments"); *Durham*, 2013 WL 2665786 at *3 (same). Accordingly, the undersigned recommends that Counts I-III of Plaintiff's complaint be dismissed on the ground that this Court lacks subject matter jurisdiction to resolve such.

II.     **Collateral Estoppel**

Counts I-III of Plaintiff's complaint are subject to dismissal on the alternative ground that such are barred by the doctrine of collateral estoppel. The doctrine of collateral estoppel bars "successive litigation of an issue of fact or law actually litigated and resolved in a valid court determination essential to the prior judgment, even if the issue recurs in the context of a different claim." *Arkansas Coals, Inc. v. Lawson*, 739 F.3d 309, 320 (6th Cir. 2014) (quoting *Taylor v. Sturgell*, 553 U.S. 880, 891 (2008)). Collateral estoppel applies if the following four requirements are satisfied: (1) the precise issue must have been raised and actually litigated in the prior proceeding; (2) the determination of the issue must have been necessary to the outcome of the prior proceeding; (3) the prior proceeding must have resulted in a final judgment on the merits; and (4) the party against whom estoppel is sought must have had a full and fair opportunity to litigate the issue in the prior proceeding. *See Arkansas Coals,* 739 F.3d at 320-21. As all four elements are satisfied, the undersigned recommends, in the alternative, that Counts I-III of Plaintiff's complaint be dismissed on collateral estoppel grounds.[3]

---

[3] Plaintiff argued, both in his pleadings and at hearing, that application of the holding in *Keymarket of Ohio, LLC v. Keller*, 483 Fed. Appx. 967 (6th Cir., June 8, 2012), thwarts Defendants' request for relief. The *Keymarket* decision concerned whether dismissal of certain claims, on res judicata grounds, was appropriate. *Id.* at 968-72. Specifically, the court observed that while res judicata precludes a party from asserting repetitive claims, it does not preclude the assertion of repetitive arguments in the

**III.     Equal Protection**

In Count IV of his complaint, Plaintiff alleges that the process by which his property was forfeited violated his right to equal protection under the law. Defendants assert that they are entitled to summary judgment as to this claim. The Court agrees.

A.     Summary Judgment Standard

Summary judgment "shall" be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A party moving for summary judgment can satisfy its burden by demonstrating "that the respondent, having had sufficient opportunity for discovery, has no evidence to support an essential element of his or her case." *Minadeo v. ICI Paints*, 398 F.3d 751, 761 (6th Cir. 2005); *see also*, *Amini v. Oberlin College*, 440 F.3d 350, 357 (6th Cir. 2006) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986)). The fact that the evidence may be controlled or possessed by the moving party does not change the non-moving party's burden "to show sufficient evidence from which a jury could reasonably find in her favor, again, so long as she has had a full opportunity to conduct discovery." *Minadeo*, 398 F.3d at 761 (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 257 (1986)).

Once the moving party demonstrates that "there is an absence of evidence to support the nonmoving party's case," the non-moving party "must identify specific facts that can be established by admissible evidence, which demonstrate a genuine issue for trial." *Amini*, 440 F.3d at 357 (citing *Anderson*, 477 U.S. at 247-48; *Celotex Corp. v. Catrett*, 477 U.S. at 324). While the Court must view

---

context of distinct claims. *Id.* at 972. This particular decision, however, affords Plaintiff no relief as the Court's decision in this matter is not premised upon res judicata grounds.

the evidence in the light most favorable to the non-moving party, the party opposing the summary judgment motion "must do more than simply show that there is some metaphysical doubt as to the material facts." *Amini*, 440 F.3d at 357. The existence of a mere "scintilla of evidence" in support of the non-moving party's position is insufficient. *Daniels v. Woodside*, 396 F.3d 730, 734-35 (6th Cir. 2005) (quoting *Anderson*, 477 U.S. at 252). The non-moving party "may not rest upon [his] mere allegations," but must instead present "significant probative evidence" establishing that "there is a genuine issue for trial." *Pack v. Damon Corp.*, 434 F.3d 810, 813-14 (6th Cir. 2006) (citations omitted).

Moreover, the non-moving party cannot defeat a properly supported motion for summary judgment by "simply arguing that it relies solely or in part upon credibility determinations." *Fogerty v. MGM Group Holdings Corp., Inc.*, 379 F.3d 348, 353 (6th Cir. 2004). Rather, the non-moving party "must be able to point to some facts which may or will entitle him to judgment, or refute the proof of the moving party in some material portion, and. . .may not merely recite the incantation, 'Credibility,' and have a trial on the hope that a jury may disbelieve factually uncontested proof." *Id.* at 353-54. In sum, summary judgment is appropriate "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Daniels*, 396 F.3d at 735.

While a moving party without the burden of proof need only show that the opponent cannot sustain his burden at trial, *see Morris v. Oldham County Fiscal Court*, 201 F.3d 784, 787 (6th Cir. 2000); *Minadeo*, 398 F.3d at 761, a moving party with the burden of proof faces a "substantially higher hurdle." *Arnett v. Myers*, 281 F.3d 552, 561 (6th Cir. 2002); *Cockrel v. Shelby County Sch. Dist.*, 270 F.3d 1036, 1056 (6th Cir. 2001). "Where the moving party has the burden -- the plaintiff on a claim for relief or the defendant on an affirmative defense -- his showing must be sufficient for the court to

hold that no reasonable trier of fact could find other than for the moving party." *Calderone v. United States*, 799 F.2d 254, 259 (6th Cir. 1986) (quoting W. SCHWARZER, *Summary Judgment Under the Federal Rules: Defining Genuine Issues of Material Fact*, 99 F.R.D. 465, 487-88 (1984)). The Sixth Circuit has repeatedly emphasized that the party with the burden of proof "must show the record contains evidence satisfying the burden of persuasion and that the evidence is so powerful that no reasonable jury would be free to disbelieve it." *Arnett*, 281 F.3d at 561 (quoting 11 JAMES WILLIAM MOORE, ET AL., MOORE'S FEDERAL PRACTICE § 56.13[1], at 56-138 (3d ed. 2000); *Cockrel*, 270 F.2d at 1056 (same). Accordingly, summary judgment in favor of the party with the burden of persuasion "is inappropriate when the evidence is susceptible of different interpretations or inferences by the trier of fact." *Hunt v. Cromartie*, 526 U.S. 541, 553 (1999).

      B.     Analysis

The Equal Protection Clause of the Fourteenth Amendment to the United States Constitution provides that no state shall "deny to any person within its jurisdiction the equal protection of the laws." U.S. Const. amend. XIV, § 1. To prevail on his equal protection claims, Plaintiff must establish "that the government treated [him] 'disparately as compared to similarly situated persons and that such disparate treatment either burdens a fundamental right, targets a suspect class, or has no rational basis." *Center for Bio-Ethical Reform, Inc. v. Napolitano*, 648 F.3d 365, 379 (6th Cir. 2011). The Supreme Court has also recognized what is referred to as a "class-of-one" equal protection claims in which the plaintiff does not allege membership in a particular class or group, but instead alleges that he "has been intentionally treated differently from others similarly situated and that there is no rational

basis for the difference in treatment." *Davis v. Prison Health Services*, 679 F.3d 433, 441 (6th Cir. 2012).

In support of their motion, Defendants have submitted a transcript of the July 13, 2012 hearing that Judge Lightvoet conducted on Plaintiff's motion for relief from judgment. (Dkt. #17, Exhibit 4). Defendants Balkema and Vlietstra testified at this hearing and their testimony demonstrates that Plaintiff was not treated differently from similarly situated individuals. Instead, Defendants' testimony, supported by significant other evidence they have submitted, reveals that Plaintiff was informed of his various property tax delinquencies in accordance with Michigan law and afforded ample opportunity to rectify such. Plaintiff was afforded the opportunity to cross-examine Balkema and Vlietstra at this hearing, but chose not to do so. Plaintiff has likewise failed to introduce in this Court any competing or contrary evidence demonstrating the existence of a genuine issue of material fact necessitating a trial. Accordingly, the undersigned recommends that Defendants are entitled to summary judgment as to Count IV of Plaintiff's complaint.

**IV.**     **Unspecified Civil Rights Violations**

In Count V of his complaint, Plaintiff asserts that Defendants, by failing "to implement appropriate policies, customs and practices," violated unspecified "civil rights." Specifically, Plaintiff challenges the policy "of allowing employees of the Kalamazoo County Treasurer to post signs on the front yard advertising" that the property in question was a tax foreclosed property and would be sold at public auction. Plaintiff asserts that the placement of these signs caused him to experience embarrassment and loss of the "quiet enjoyment of his home." Plaintiff further asserts that "Defendants

should have given [him] a minimum of sixty day written notice to vacate per Federal law; and if Plaintiff did not move file a detainer action."

As Defendants note, the signs in question were placed in the yard after Plaintiff failed to timely pay his delinquent property taxes and title vested in the Kalamazoo County Treasurer. While the challenged actions notifying the public of the forthcoming sale of the subject property may have caused Plaintiff to experience embarrassment, such fails to state a claim for violation of Plaintiff's "civil rights." Accordingly, the undersigned recommends that Court V of Plaintiff's complaint be dismissed for failure to state a claim on which relief may be granted. *See* Fed. R. Civ. P. 12(b)(6).

**V.        State Law Claims**

In Counts VI-VIII of his complaint, Plaintiff asserts state law negligence claims. Pursuant to 28 U.S.C. § 1367(c)(3), the district court may decline to exercise supplemental jurisdiction over a state law claim if it "has dismissed all claims over which it has original jurisdiction." Indeed, "if the federal claims are dismissed before trial. . .the state claims should be dismissed as well." *Taylor v. First of America Bank - Wayne*, 973 F.2d 1284, 1287 (6th Cir. 1992) (quoting *United Mine Workers v. Gibbs*, 383 U.S. 715, 726 (1966)); *see also*, *Wojnicz v. Davis*, 2003 WL 21774162 at *3 (6th Cir., July 29, 2003) (same). Accordingly, the undersigned recommends that the Court decline to exercise jurisdiction over Plaintiff's state law claims and instead dismiss such without prejudice so that Plaintiff may pursue such in the appropriate state forum.

**CONCLUSION**

For the reasons articulated herein, the undersigned recommends that Defendants' Motion to Dismiss and/or For Summary Judgment, (Dkt. #16), be **granted** and this action **dismissed**.

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file objections within the specified time waives the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir.1981).

Respectfully submitted,

Date: July 2, 2014

/s/ Ellen S. Carmody
ELLEN S. CARMODY
United States Magistrate Judge