UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHAEL SEYOUM,

    Plaintiff,

v

KALAMAZOO COUNTY
GOVERNMENT, et al.,

    Defendants.
_____/

Case No. 1:14-cv-90

HON. JANET T. NEFF

## OPINION AND ORDER

Plaintiff Michael Seyoum, proceeding *pro se*, initiated the present action against Defendants Kalamazoo County Government, Mary Balkema, and Greg Vlietstra[1] alleging violations of his right to due process and equal protection, and asserting state law negligence claims, following a property tax foreclosure judgment (Dkt 1). Defendants filed a motion to dismiss and/or for summary judgment (Dkt 16), which was referred to the Magistrate Judge. Following a hearing, the Magistrate Judge issued a Report and Recommendation, recommending that Defendants' motion be granted and Plaintiff's case be dismissed (Dkt 29). The matter is presently before the Court on Plaintiff's objections to the Report and Recommendation (Dkt 30). Defendants have filed a response (Dkt 34). In accordance with 28 U.S.C. § 636(b)(1) and FED. R. CIV. P. 72(b)(3), the Court has performed de novo consideration of those portions of the Report and Recommendation to which objections have been made. The Court denies the objections and issues this Opinion and Order.

---

[1]Respectively, the Kalamazoo County Treasurer and the Deputy County Treasurer.

1. Factual Objections

As an initial matter, Plaintiff objects that the Magistrate Judge's Report and Recommendation disregards or omits Plaintiff's statements of fact and arguments, and instead adopts Defendants' statements of fact. Plaintiff argues that the Magistrate Judge improperly disregarded Plaintiff's explanations and exhibits he cited pertaining to his failure to pay the total amount he owed in delinquent property taxes, including his outstanding property taxes from 2007, and instead relied on Defendants' exhibits. Plaintiff cites, in particular, facts omitted regarding two dishonored checks in payment of his 2007 taxes, and the foreclosure judgment and notice. Plaintiff's objections are without merit.

The Magistrate Judge properly relied on the exhibits to Defendants' motion/brief, including the public documents and other records pertaining to the delinquent taxes and foreclosure. Plaintiff points to no deficiency in the exhibits themselves. As Defendants note, Plaintiff's objections to the factual statements of the Magistrate Judge are either invalid, or immaterial to the legal analysis and disposition of the claims at issue. The material facts were not in dispute. Plaintiff knew that the two checks he submitted for payment of the 2007 taxes had been dishonored and that he still owed those taxes (R & R at 3, n.2). Accordingly, Plaintiff's objections to the Magistrate Judge's statement of facts are denied.

2. *Rooker-Feldman*

Plaintiff argues that the Magistrate Judge erred in dismissing his due process claims under the *Rooker-Feldman* doctrine, which prohibits a federal court from engaging in appellate review of state court judgments. Plaintiff claims that he is not seeking such review, and he provides a lengthy discussion of two cases, *Evans v. Cordray*, 424 F. App'x 537 (6th Cir. 2011), and *Hood v. Keller*,

341 F.3d 592 (6th Cir. 2003), neither of which supports his claim. In both *Evans* and *Hood*, the plaintiffs asserted constitutional challenges to state statutes, while Plaintiff in this matter seeks compensation and related relief for the loss of his home based on the enforcement of a valid state court judgment. As Plaintiff himself points out in his objections, "courts must look to the source of the injury that the plaintiff alleges in the federal complaint" (Dkt 30 at 9). Since the foundation of Plaintiff's due process claims are rooted in previous state court decisions that caused his purported injuries, the Magistrate Judge properly applied the *Rooker-Feldman* doctrine to dismiss Plaintiff's due process claims (*see* R & R at 4-5, citing *McCormick v. Braverman*, 451 F.3d 382, 393 (6th Cir. 2006) (*Rooker-Feldman* applies where the "source of the injury the plaintiff alleges in the federal complaint ... is the state court decision") and *Exxon Mobile Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005)).

### 3. Collateral Estoppel

Plaintiff next argues that the Magistrate Judge erred in concluding that Plaintiff's due process claims are also, in the alternative, subject to dismissal on collateral estoppel grounds. Plaintiff raises various arguments in contending that the elements of collateral estoppel are not met—none of which is persuasive.

Plaintiff argues that a question of fact essential to the judgment was not actually litigated. Plaintiff cites an excerpt from the state court hearing on his motion for relief from judgment, in which the Court did not answer Plaintiff's question about the specific amount of the February 6, 2012 judgment. Despite the fact that the judge did not answer that specific question, the Court stated that it understood Plaintiff's argument concerning the judgment amount, and nonetheless found Plaintiff was not entitled to post-judgment relief (*see* Objs. at 13). Contrary to Plaintiff's assertion,

his question about the specific judgment amount, which was not available at the time, was not a question of fact or issue essential to the Court's overall determination.

Plaintiff further argues that collateral estoppel does not apply because he was not given a full and fair opportunity to litigate the issues (Objs. at 14-17, citing *Monat v. State Farm Ins. Co.*, 677 N.W.2d 843, 847 (Mich. 2004), and the RESTATEMENT (SECOND) OF JUDGMENTS §§ 28-29 (1982)). Plaintiff contends that he did not have a full and fair opportunity to litigate the foreclosure judgment because the burden of proof was switched to him in the post-judgment motion; he lacked notice of the hearing date and nature; he was served with Defendants' brief, witness list and exhibits five minutes before the hearing; and the order denying his post-judgment motion was not a final order and as a matter of law was not subject to further review (*id.* at 16).

Contrary to Plaintiff's assertions, he had a full and fair opportunity to be heard and to litigate the propriety of the foreclosure judgment in the state trial court and following his post-judgment motion, for which he properly had the burden of proof as the movant. *See* MICH. CT. R. 2.612(C); *Dynest Inv. Group v. Jacques*, No. 307441, 2013 WL 1316728, at *4 (Mich. Ct. App. Apr. 2, 2013). Although Plaintiff asserts he did not receive the hearing notice, he admitted on the record that he had actual notice of the hearing about ten days in advance when he called the courthouse (Dkt 17-5, Evid. Hrg. Tr., at 5). Plaintiff raises no procedural defect or substantive error that warrants relief.

Plaintiff also had a full opportunity for review following the denial of his post-judgment motion. The critical inquiry in the fairness analysis is whether the party had the *ability* to obtain appellate review. *Taylor v. Powell*, No. 09 10199, 2010 WL 4340626, at *5 (E.D. Mich. Oct. 27, 2010) (citing *Monat*, 677 N.W.2d at 847). Plaintiff sought relief from the foreclosure judgment by filing a motion for relief from judgment, which was denied following a hearing; he then filed a

motion for reconsideration of that decision, which was also denied; finally, he appealed the matter to the Michigan Court of Appeals, where he was similarly unsuccessful (R & R at 3). Plaintiff's arguments are without merit.

### 4. Equal Protection Claim

Plaintiff objects to the Magistrate Judge's recommendation to grant Defendants' motion for summary judgment of Plaintiff's equal protection claim. Plaintiff's objection hinges on his assertion that he complied with the requirements for redemption of his property, but Defendants denied him his redemption right, whereas similarly situated property owners were able to redeem their property (Objs. at 18). However, it is undisputed that Plaintiff did not tender payment for his delinquent 2007 taxes and thus he failed to pay "unpaid 2009 and *prior years'* taxes" (*see* Dkt 17-7, Judgment of Foreclosure, emphasis added). The Magistrate Judge found that the undisputed testimony of Defendants Balkema and Vlietstra at the evidentiary hearing, and supporting evidence, showed that Plaintiff was not treated differently from similarly situated individuals (R & R at 9). Because Plaintiff chose not to cross-examine the witnesses and had failed to introduce any competing or contrary evidence, he raised no genuine issue of material fact (*id.*). Plaintiff points to no error or evidence that warrants disturbing the Magistrate Judge's conclusion, or that warrants discovery on this claim. Plaintiff's objection is denied.

### 5. Civil Rights Claim

Last, Plaintiff objects to the Magistrate Judge's recommendation that Plaintiff's civil rights claim be dismissed for failure to state a claim on which relief may be granted. *See* FED. R. CIV. P. 12(b)(6). In his objection, Plaintiff relies heavily on the pleading standards under *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and *Erickson v. Pardus*, 551 U.S. 89 (2007), but Plaintiff

fails to explain how these cases undermine the Magistrate Judge's analysis or conclusion. The Magistrate Judge properly concluded that Plaintiff failed to identify any deprivation of a constitutional right. Since Plaintiff has not stated a cognizable claim, his civil rights claim is subject to dismissal pursuant to FED. R. CIV. P. 12(b)(6).

6. Conclusion

Plaintiff's objections are denied, and the Magistrate Judge's Report and Recommendation is approved and adopted as the Opinion of the Court.

For the above reasons, and because Plaintiff is proceeding *in forma pauperis*, this Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that an appeal of the Judgment would not be taken in good faith. *See McGore v. Wrigglesworth*, 114 F.3d 601, 610-11 (6th Cir. 1997), overruled on other grounds by *Jones v. Bock*, 549 U.S. 199, 206, 211-12 (2007). Accordingly:

**IT IS HEREBY ORDERED** that the Objections (Dkt 30) are DENIED, and the Report and Recommendation (Dkt 29) is APPROVED and ADOPTED as the Opinion of the Court.

**IT IS FURTHER ORDERED** that Defendants' motion to dismiss and/or for summary judgment (Dkt 16) is GRANTED; Plaintiff's federal claims (Counts I-V) are DISMISSED WITH PREJUDICE, and Plaintiff's state-law claims (Counts VI-VIII) are DISMISSED WITHOUT PREJUDICE, for the reasons stated in the Report and Recommendation.

**IT IS FURTHER ORDERED** that the Court certifies pursuant to 28 U.S.C. § 1915(a) that an appeal of the Judgment would not be taken in good faith.

Dated: February 6, 2015              /s/ Janet T. Neff
                                     JANET T. NEFF
                                     United States District Judge